IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BETTYE BEASLEY                              :

                                        :

     v.                                 :    Civil Action No. DKC 23-3133

                                        :

GRISELLE BERNARD, et al.                    :

                                        :

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a Maryland citizen, initiated this action against Defendants Walmart, Inc., Walmart Associates Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Walmart STARCO, LLC, Wal-Mart Stores East, LP, Wal-Mart Realty Company, Wal-Mart Real Estate Business Trust, Walmart #5129 (collectively, "Walmart Defendants"), UNARCO Industries LLC, Midwest Corporation, Marmon Retail Store Equipment LLC, as well as individual defendants Griselle Bernard and Arnold Lewis (collectively, "Individual Defendants") by filing a complaint in the Circuit Court for Prince George's County, Maryland on May 9, 2023, alleging that she was injured when a shopping cart she was pushing allegedly broke, causing her to fall.  Walmart Defendants and Individual Defendants removed the case to this court on November 17, 2023, asserting diversity jurisdiction, but not completely identifying the citizenship of some of the defendants (ECF No. 1).  Individual Defendants, who are also Maryland citizens, moved to dismiss

themselves as defendants, contending that they are fraudulently joined (ECF No. 19).  Walmart Defendants moved to dismiss Counts 9, 10, and 11 and Plaintiff's claim for punitive damages (ECF No. 20).  Plaintiff filed an amended complaint on December 12, 2023 (ECF No. 27) and moved to remand the case to the Circuit Court for Prince George's County, Maryland, arguing that this court lacks jurisdiction because some defendants are Maryland residents, as is Plaintiff, and thus the action cannot be removed under diversity jurisdiction (ECF No. 30).

Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different States[.]" 28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship must exist to satisfy § 1332's diversity requirement.  "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members."  *Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

> As the Fourth Circuit has explained, "The
> burden of establishing federal jurisdiction
> is placed upon the party seeking removal . .
> . Because removal jurisdiction raises
> significant federalism concerns, we must
> strictly construe removal jurisdiction . . .
> If federal jurisdiction is doubtful, a remand
> is necessary." *Mulcahey v. Columbia Organic
> Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir.
> 1994) (citations omitted). Nevertheless,
> because the decision to remand is largely
> unreviewable, district courts should be
> cautious about denying defendants access to a
> federal forum. *See Semtek Int'l, Inc. v.
> Lockheed Martin Corp.*, 988 F.Supp.913, 914–15
> (D.Md. 1997).

*Johnson v. Westlake Servs., LLC*, No. 23-cv-702-DKC, 2023 WL 2914760, at *2 (D.Md. Apr. 12, 2023) (quoting *Jarrett v. Home Depot U.S.A., Inc.*, No. 21-CV-01514-SAG, 2021 WL 3288361, at *2 (D.Md. Aug. 2, 2021), *reconsideration denied*, No. 21-cv-1514-SAG, 2021 WL 4264821 (D.Md. Sept. 20, 2021)). Accordingly, the removing Defendants bear the burden of showing subject matter jurisdiction. *Batista v. Pennsylvania Real Est. Inv. Tr.*, No. 22-cv-1973-DKC, 2023 WL 3225392, at *1 (D.Md. May 3, 2023). While a litigant may face difficulty in determining the citizenship of entities such as LLCs, *see, e.g., SunTrust Bank v. Village of Fair Oaks Owner, LLC*, 766 F.Supp.2d 686, 689-90 (E.D.Va. 2011), the law places the burden on the party asserting federal jurisdiction to prove the necessary facts. Here, neither the Notice of Removal nor the state court

3

complaint   provide   the   alleged   facts   demonstrating   diversity

jurisdiction:

> "The burden of persuasion for establishing
> diversity jurisdiction . . . remains on the
> party asserting it." *Hertz Corp. v. Friend*,
> 559 U.S. 77, 96 (2010).  When it is contended
> that   a   complaint   is   "jurisdictionally
> deficient on its face," the court assumes the
> truth of all facts alleged in the complaint
> and   determines   whether   jurisdiction   exists
> under those alleged facts.  *Adams v. Bain*, 697
> F.2d   1213,   1219   (4th   Cir.   1982).    If   the
> complaint   "does   not   contain   the   necessary
> factual   allegations"   to   establish   subject
> matter jurisdiction, then the plaintiff is not
> entitled    to    additional    "jurisdictional
> discovery"   in   order   to   obtain   the   information
> it   lacks.    *SunTrust   Bank   v.   Village   of   Fair
> Oaks   Owner,   LLC*,   766   F.Supp.2d   686,   689-90
> (E.D.Va. 2011).  For instance, if a plaintiff
> sues an unincorporated entity in federal court
> on the basis of diversity jurisdiction and the
> complaint does not allege "the identity and
> citizenship of the [defendant's] membership,"
> then   the   plaintiff   is   not   entitled   to   an
> "evidentiary   hearing   to   elicit   from   the
> [defendant] whether or not it, in fact, has
> any [non-diverse] member[s]."  *Id.*
>
> While the court recognizes the difficulty a
> litigant   may   face   in   determining   the
> citizenship of an entity such as SMART Local
> 100, the law places the burden on Plaintiff to
> obtain "knowledge of the requisite facts to
> plead diversity of citizenship adequately"
> *before* it files its complaint in federal
> court.  *Id.* at 690.

*WG/Welch Mech. Contractors, LLC v. Int'l Ass'n of Sheet Metal,*

*Air, Rail & Transportation Workers, Loc. Union 100 – Sheet Metal*

4

*Div.*, No. 22-cv-2296-DKC, 2023 WL 4847697, at *3-4 (D.Md. July 28, 2023).

The Clerk issued notice of the court's Standing Order on November 17, 2023, which directs removing parties to respond to a series of questions in fourteen (14) days.  (ECF No. 3).  Pursuant to Standing Order 2021-13, Walmart Defendants were to file a response to the court's standing order answering:  1) the date each defendant was served; 2) whether any defendants who have been served are citizens of Maryland, **and, for any entity that is not a corporation, the citizenship of all members**; 3) if removal takes place more than 30 days after any defendant was first served, the reasons why removal occurred when it did; 4) if the case was removed more than one year after the state court action was commenced, the reasons why the action should not be remanded; and 5) identification of any defendant who was served prior to removal and who did not formally join removal and the reasons removal was not joined.  In addition, Walmart Defendants were required to serve a copy of the Standing Order on all other parties in this case who did not receive electronic notification of the filing.

Walmart Defendants filed a response to the court's Standing Order on November 27, 2023, advising that it was unknown whether some defendants had been served, namely UNARCO Industries, LLC,

5

Midwest Corporation, and Marmon Retail Store Equipment, LLC.  (ECF No. 18).[1]  The court issued a paperless order on November 30, 2023, directing Walmart Defendants to supplement their response to the court's Standing Order with the identification of members and their states of citizenship for Defendants UNARCO Industries LLC and Marmon Retail Store Equipment LLC.  (ECF No. 21).  Walmart Defendants supplemented their response to the Standing Order on December 4, 2023, repeating that it was unknown whether service had been effected on Defendants UNARCO Industries, LLC, Midwest Corporation, and Marmon Retail Store Equipment, LLC and that the identity of the members or citizenship of the members of Defendants UNARCO Industries, LLC and Marmon Retail Store Equipment, LLC was also unknown.  (ECF No. 24).

If any of the Defendants is a citizen of Maryland, including any LLC by virtue of the citizenship of any member, then this court lacks diversity jurisdiction even if the individual Defendants were fraudulently joined.  As the parties asserting federal jurisdiction, the removing Defendants must supply the necessary

---

[1] The Summonses issued by the Circuit Court for Prince George's County, Maryland expire within 60 days after the date issued.  To date, the court has not been notified that Plaintiff has effected service upon Defendants UNARCO Industries LLC, Midwest Corporation, and Marmon Retail Store Equipment LLC nor has this court been requested to issue summonses.

information so that this court can ascertain whether it can exercise jurisdiction over this case.  If the removing Defendants establish that none of the defendants, other than the Individual Defendants, is a citizen of Maryland, then the court will determine whether the Individual Defendants have been fraudulently joined. Removing Defendants will be given one final opportunity to provide the necessary information.

Accordingly, it this 11th day of January, 2024, ORDERED that Walmart Defendants and Individual Defendants comply with the court's Standing Order with regard to the citizenship of the members of any defendant entity that is not a corporation within 14 days.  Failure to do so will result in the remand of this case to state court.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

7