```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                                    :
BETTYE BEASLEY
                                    :
    v.                              :   Civil Action No. DKC 23-3133
                                    :
GRISELLE BERNARD, et al.
                                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving injuries allegedly sustained from a broken shopping cart are a motion to remand filed by Plaintiff Bettye Beasley, (ECF No. 30); a motion to dismiss filed by Defendants Griselle Bernard and Arnold Lewis ("Individual Defendants"), (ECF No. 19); and a motion to dismiss filed by Defendants Wal-Mart Associates, Inc., Wal-Mart Real Estate Business Trust, Wal-Mart Realty Company, Wal-Mart Stores East, LP, Wal-Mart.com USA, LLC, Walmart #5129, Walmart Claims Services, Inc., Walmart Inc., and Walmart Starco, LLC ("Walmart Defendants"), (ECF No. 20). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion to remand will be denied; Individual Defendants' motion to dismiss will be granted; and Walmart Defendants' motion to dismiss will be granted in part and denied as moot in part.

I.  **Background**

On May 9, 2023, Plaintiff Bettye Beasley commenced this action by filing a complaint in the Circuit Court for Prince George's County (the "Original Complaint").  (ECF No. 2).  On December 12, 2023, Plaintiff filed an amended complaint (the "Amended Complaint"), alleging the following facts.  (ECF No. 27).

On May 13, 2020, Plaintiff was pushing a shopping cart while exiting the premises of Walmart #5129 in Landover Hills, Maryland. (*Id.* ¶¶ 24-25).  Plaintiff sustained injuries when her shopping cart suddenly broke, causing Plaintiff to fall.  (*Id.*).  Plaintiff continues to suffer severe pain as a result of her injuries.  (*Id.* ¶ 54).

Plaintiff brought suit against Defendants Walmart, Inc., Walmart Associates Inc., Walmart Claims Services, Inc., Wal-Mart.com USA, LLC, Walmart STARCO, LLC, Wal-Mart Stores East, LP, Wal-Mart Realty Company, Wal-Mart Real Estate Business Trust, and Walmart #5129 (collectively, "Walmart Defendants") as owners and operators of Walmart #5219 who were responsible for maintaining the shopping cart at issue.  (*Id.* ¶¶ 4-11, 15, 18).  Plaintiff also brought suit against UNARCO Industries LLC, Midwest Corporation, and Marmon Retail Store Equipment LLC (collectively, "Retail Defendants") as the parties responsible for manufacturing and maintaining the shopping cart at issue.  (*Id.* ¶¶ 12-14, 19). Additionally, Plaintiff brought suit against individual Defendants

2

Griselle Bernard ("Ms. Bernard") and Arnold Lewis ("Mr. Lewis") (collectively, "Individual Defendants"), Walmart Defendants' employees responsible for the safety of shopping carts at Walmart #5129. (*Id.* ¶¶ 2-3, 41-45). Plaintiff alleges the following counts: negligence and negligence per se (Count I); breach of express warranty (Count II); breach of implied warranty (Count III); breach of implied warranty of merchantability (Count IV); breach of implied warranty of fitness for a particular purpose (Count V); strict liability (manufacturing defect) (Count VI); strict liability (design defect) (Count VII); strict liability (failure to warn) (Count VIII); breach of contract (Count IX); quantum meruit (Count X); and unjust enrichment (Count XI). (*Id.* ¶¶ 60-122).

On November 17, 2023, Walmart Defendants and Individual Defendants (collectively, "Removing Defendants") removed the case to this court on the basis of diversity of citizenship. (ECF No. 1, at 5). Plaintiff is a Maryland citizen. (ECF No. 1 ¶ 5). Walmart Defendants have now supplied information establishing that none of the Defendants that are entities is a Maryland citizen for the purposes of establishing diversity jurisdiction. (ECF No. 35). Individual Defendants are Maryland citizens. (ECF No. 1 ¶ 18). The notice of removal recited that Removing Defendants consented to removal, but it was unknown whether UNARCO Industries, LLC, Midwest Corporation, and Marmon Retail Store Equipment, LLC

3

had been served.  (*Id.* at 1-2).  Removing Defendants contend that Individual Defendants' status as Maryland citizens does not destroy diversity because Individual Defendants were fraudulently joined–"there exist no grounds on which Plaintiff could prove any of her causes of action against [Individual Defendants.]"  (*Id.*).

On January 17, 2024, in a supplemental response to the court's standing order concerning removal, Walmart Defendants asserted that prior to removal, they were served on October 10, 2023; UNARCO Industries, LLC and Marmon Retail Store Equipment, LLC were served on October 23, 2023; and Individual Defendants and Midwest Corporation have not been served.[1]  (ECF No. 35, at 1-2).

On November 28, 2023, Individual Defendants moved to dismiss themselves as defendants in the Original Complaint.  (ECF No. 19). On the same day, Walmart Defendants filed a motion to dismiss Counts IX, X, and XI and Plaintiff's claim for punitive damages in the Original Complaint.  (ECF No. 20).  On December 12, 2023, Plaintiff opposed Individual Defendants and Walmart Defendants' respective motions to dismiss, (ECF Nos. 28; 29), and on December 19, 2023, Individual Defendants and Walmart Defendants replied,

---

[1] To date, the court has not been notified that Plaintiff has effected service of the Amended Complaint on Midwest Corporation, nor has the Clerk been requested to issue summonses.  Plaintiff is reminded that the time for service is 90 days after removal of the action to this court.  28 U.S.C. § 1448; *Thompson v. Dollar Tree Stores, Inc.*, PWG 17-CV-3727, 2019 WL 414881 at *3 (D.Md. February 1, 2019).

(ECF Nos. 31; 32).  Also on December 12, 2023, Plaintiff filed a motion to remand on the basis that Individual Defendants are properly joined, thus destroying complete diversity and precluding removal.  (ECF No. 30).  On December 22, 2023, Walmart Defendants opposed Plaintiff's motion to remand.  (ECF No. 33).  Plaintiff did not file a reply.

**II. Motion to Remand**

    **A. Standard of Review**

Title 28 U.S.C. § 1441 allows defendants to remove a civil action "brought in a State court of which the district courts of the United States have original jurisdiction."  In considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."  *Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (citations omitted).  This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court."  *Id.* at 701.  "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

"The propriety of removal is determined as of the time of removal[.]"  *In re Microsoft Corp. Antitrust Litig.*, 332 F.Supp.2d 890, 892 (D.Md. 2004) (citing *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 n.5 (5th Cir. 1990)).  Pursuant to 28 U.S.C. § 1332(a)(1),

5

district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Federal diversity jurisdiction requires complete diversity such that no plaintiff may share common state citizenship with any defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). A plaintiff that disputes the propriety of removal may move to remand.

### B. Analysis

"[T]he diversity and removal statutes treat actions in which the parties are not completely diverse differently from actions in which a party is a citizen of the forum state." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F.Supp.2d 731, 735 (D.Md. 2006) (citing Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3723, at 623—25). While 28 U.S.C. § 1441(b) "precludes removal where a properly joined *and served* defendant is a resident of the forum state[,]" a properly joined defendant who destroys complete diversity would preclude removal-regardless of whether that defendant was properly served. *See id.* at 736 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)). Proper joinder is analyzed under the same fraudulent joinder framework used in other areas of jurisdiction.

"Fraudulent joinder is a doctrine that provides an exception to the complete diversity requirement and forum defendant rule[,]"

6

and "allows the federal court to disregard nondiverse parties in the state court action at the time of removal." *Hill v. Abdumuxtorov*, No. 1:22-cv-00004-JPJ, 2022 WL 1690265, at *2 (W.D.Va. May 26, 2022) (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)); *see also Boggs v. 3M Co.*, No. 2:20-cv-00121-ICB, 2020 WL 762859, at *3 n.4 (S.D.W.Va. Feb. 14, 2020) (citing *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F.Supp.3d 544, 553 (S.D.W.Va. 2015)) (stating that removal is impermissible "where fraudulent joinder is alleged as to a forum state Defendant"). A party is fraudulently joined when (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Mayes*, 198 F.3d at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall*, 6 F.3d at 232–33 (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)). "Once the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999). This burden is even greater on the defendant than that of a motion to dismiss

7

under Fed.R.Civ.P. 12(b)(6). *See id.* at 424. In determining whether joinder is fraudulent, the court is "not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *Mayes*, 198 F.3d at 464 (quoting *AIDS Counseling and Testing Ctrs. v. Group W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)).

Because Plaintiff is a Maryland citizen, Individual Defendants as Maryland citizens would destroy complete diversity and preclude removal if they were properly joined.[2] Individual Defendants, however, are fraudulently joined and therefore their presence does not preclude removal.

In the Amended Complaint, Plaintiff alleges that Individual Defendants' liability arises out of their

> (1) fail[ure] to properly maintain and inspect the shopping carts at the Walmart store in question, thus making them unsafe for the use of the Plaintiff and others invited therein, (2) fail[ure] to have proper guides, warnings, or signals to notify patrons of the dangerous, unsafe, and hazardous condition of the Premises, including the shopping carts, (3) fail[ure] to train and supervise the employees

---

[2] Despite being unserved, Individual Defendants have waived service by joining in removal. *See Zambito v. Ocular Benefits, LLC*, No. 23-cv-1875-DKC, 2023 WL 8545230, at *3 (D.Md. Dec. 11, 2023) (stating that a removing defendant cannot simultaneously maintain that a defendant consented to removal but is not a party to the case because he was not properly served prior to removal and that an unserved defendant who joins in removal has waived service).

> or agents who otherwise interacted with the Premises, including the shopping carts, and (4) fail[ure] to timely remedy dangerous conditions existing on the Premises.

(ECF No. 27 ¶ 45). Plaintiff's allegations against Individual Defendants are limited to Individual Defendants' failure to perform their purported duties. Plaintiff does not allege any facts regarding *specific actions* taken by Individual Defendants. Plaintiff asserts that "all of [Individual Defendants'] conduct was done in the course and scope of their employment with Walmart Defendants[,]" but contends that Individual Defendants "are also individually liable as they exercised sufficient control over the [p]remises" of Walmart #5129. (*Id.* ¶ 42).

Plaintiff argues that "there is no Maryland case that indicates an individual employee avoids responsibility for their tortious conduct by mere means of being employed by a corporate entity." (ECF No. 30, at 5). Plaintiff is incorrect. In the context of employee suits against supervisory coemployees for breaching an employer's nondelegable duty to provide a safe workplace, *Athas v. Hill*, 300 Md. 133, 143 (1984), and its progeny, *e.g.*, *Hastings v. Mechalske*, 336 Md. 663 (1994), have upheld an individual employee's immunity from personal liability. As explained in *Athas*,

> a corporate officer or supervisory employee is subject to liability for negligence if he breaches a duty of care which he *personally owed to the plaintiff*. The negligence must

9

> have been directed toward the particular plaintiff and the tortious act must have been *outside the scope of the employer's responsibility*. The coemployee is not liable merely for breaching a duty that the employer owed the injured employee. . . [T]he ultimate responsibility of performing nondelegable duties remains with the employer notwithstanding the fact that an employee has been charged with carrying them out. . . . Corporations perform their acts only through agents. The acts of the corporate officers and agents here cannot be separated from that of the corporation.

*Athas*, 300 Md. at 143, 149 (emphasis added). According to *Hastings*, "*Athas* thus makes clear that . . . in order for a supervisory coemployee to avoid liability . . . , at the time of the accident, the supervisor must be: (1) performing a nondelegable duty of the employer; and (2) acting within the course of his or her employment." *Hastings*, 336 Md. at 676. Moreover, landowners such as Walmart Defendants are subject to a *nondelegable* duty to "use reasonable and ordinary care to keep [the] premises safe for the invitee[s] and to protect [them] from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety will not discover." *Appiah v. Hall*, 416 Md. 533, 561 (2010) (alterations in original) (quoting *Rowley v. Balt.*, 305 Md. 456, 465 (1986)).

Judge Gallagher's synthesis of *Athas*, *Hastings*, and *Appiah* in *Jarrett v. Home Depot U.S.A., Inc.*, No. 1:21-CV-01514-SAG, 2021 WL 3288361 (D.Md. Aug. 2, 2021), is instructive. In *Jarrett*,

plaintiffs who sustained injuries when one of them tripped over a bracket on the floor at a Home Depot store sued the store manager for failing to take reasonable steps to protect store customers. *Id.* at *1. Judge Gallagher stated that *Appiah* establishes Home Depot's nondelegable duty to provide safe premises for invitees. *Id.* at *3 (quoting *Appiah*, 416 Md. at 560-61). Judge Gallagher then explained that "[w]hile *Athas* [and *Hastings*] leave[s] open the possibility that managers may appropriately be held liable for their own tortious conduct, it draws a clear line between 'affirmative, direct acts of negligence' that managers might carry out in breach of a personal duty of care versus acts that merely constitute performance of, or failure to perform, the employer's nondelegable duties." *Id.* Because "Plaintiffs' Complaint does not assert that [the store manager] had any affirmative, direct involvement with the incident aside from his general duties to maintain the store's safety" and "[the store manager's] sole connection to this case is his duty to carry out Home Depot's nondelegable duty to maintain a safe premises for invitees," Judge Gallagher held that the store manager may not be held individually liable. *Id.*

In urging the court to adopt the holding of other district courts that store managers whose negligence causes an invitee's injuries can be held personally liable, Plaintiff contends that "*Jarrett* incorrectly applied Maryland law[]" given that *Athas* and

11

*Hastings*-as cases allowing supervisory employees to avoid personal liability for negligently discharging the employer's duty to provide a safe workplace-do not specifically "discuss whether store managers can be held personally liable for invitees who were harmed due to their negligent conduct." (ECF No. 30, at 7-9). Plaintiff's myopic focus on factually distinguishing *Athas* and *Hastings* from *Jarrett* overlooks the fact that "the underlying principles regarding an employer's non-delegable duties and a supervisory employee's liability are directly applicable . . . — providing a safe place to work is a natural corollary of providing a safe place for invitees to shop." *Jarrett*, 2021 WL 3288361 at *3 n.1. Plaintiff further argues that Judge Gallagher merely relied on *Appiah* "to substantiate that landowners owe invitees a nondelegable duty [to provide safe premises] and not to substantiate that store managers or other similar employees could not be held personally liable for their tortious conduct[,]" but Plaintiff raises a distinction without a difference. (ECF No. 30, at 7 n.2). It is precisely because landowners possess a nondelegable duty to provide safe premises to invitees that only landowners may be held liable for torts committed by its employees within the course of undertaking such duties. Hence, *Jarrett* correctly applied *Athas, Hastings*, and *Appiah*. The cases Plaintiff cited from other districts, (*see* ECF No. 30, at 8-9), do not outweigh the clear analysis provided by *Jarett*.

12

Like in *Jarrett*, it is dispositive that Plaintiff does not allege that Individual Defendants had any involvement in her injury outside of the scope of their employment with Walmart Defendants. Plaintiff's argument that "Individual Defendants exercised control over the . . . shopping carts and their action/inaction was the proximate cause of Plaintiff's injuries[,]" does not transform Individual Defendants' alleged conduct into an affirmative and direct act of negligence rather than a failure to perform Walmart Defendants' nondelegable duty to make Walmart #5129 safe for invitees. (ECF No. 30, at 10). There is no "glimmer of hope" that Plaintiff can establish a claim against Individual Defendants. Because Individual Defendants have been fraudulently joined, the claims against them will be dismissed, and complete diversity exists among the remaining defendants. Accordingly, Plaintiff's motion to remand is denied and the Amended Complaint's allegations against Individual Defendants are dismissed.[3]

---

[3] Plaintiff argues that Individual Defendants' motion to dismiss is mooted by the Amended Complaint, which cured all alleged defects in the Original Complaint. (ECF No. 29). An examination of the redline version of the Amended Complaint makes clear that the Amended Complaint merely adds detail to Plaintiff's original allegations regarding Individual Defendants' failure to provide safe shopping carts. (*See* ECF No. 27-1, at 8). As Individual Defendants contend, the Amended Complaint does not cure the issues in the Original Complaint because "any allegations [in the Original Complaint] of negligence against [Individual Defendants] are indistinct from the allegations of negligence against Walmart, which are based upon Walmart's nondelegable duty to reasonably maintain its premises." (ECF No. 32, at 2). Thus, Individual Defendants' motion to dismiss is not moot. *See Riston v.*

**III. Walmart Defendants' Motion to Dismiss**

    **A. Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must include more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In determining whether a complaint states a plausible claim for relief, the court must consider all well-pleaded allegations in a complaint as true. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). However, the court is not required to accept legal

---

*Klausmair*, No. 17-cv-3766-RDB, 2018 WL 4333752, at *5 (D.Md. Sept. 11, 2018) (holding that an amendment which cures some, but not all, issues raised in a prior motion to dismiss only partially moots pending motions filed against an original complaint).

14

conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B. Analysis

Plaintiff asserts claims of breach of contract, quantum meruit, and unjust enrichment, all of which are based on a third-party beneficiary theory. (*See* ECF No. 27 ¶¶ 105-22). Walmart Defendants argue that (1) Plaintiff fails to state a claim for quantum meruit and unjust enrichment, which "do not invite any theory of third[-]party liability[;]" and (2) Plaintiff does not have a viable breach of contract claim because she has not alleged facts indicating that she is a third-party beneficiary of a contract.[4] (ECF No. 20-1, at 3-4).

First, Walmart Defendants contend that unjust enrichment and quantum meruit are incompatible with a third-party beneficiary theory because Plaintiff has not alleged any facts showing that

---

[4] Plaintiff's opposition to Walmart Defendants' motion to dismiss advances the sole argument that Walmart Defendants' motion to dismiss is mooted by the Amended Complaint, which cured all alleged defects in the Original Complaint. (ECF No. 28). As Walmart Defendants contend, "Plaintiff's Amended Complaint removes the punitive damages claim but did not remove and/or amend in any way the contract/quasi-contract claims contained in Counts IX, X, and XI." (ECF No. 31, at 2; *see also* ECF No. 27-1, at 15-17 (redline version of Amended Complaint)). Hence, while Walmart Defendants' arguments in support of dismissing Plaintiff's punitive damages claim are moot, their arguments in support of dismissing Plaintiff's contract and quasi-contract claims remain ripe for disposition. *Riston*, 2018 WL 4333752, at *5 (holding that an amendment which cures some, but not all, issues raised in a prior motion to dismiss only partially moots pending motions filed against an original complaint).

15

*she* has conferred a benefit upon Defendants.  (ECF No. 20-1, at 4).  To state a claim for unjust enrichment or quantum meruit, a plaintiff must satisfy the following elements: "(1) a benefit conferred upon the defendant *by the plaintiff*; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance for retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Swedish Civ. Aviation Admin. v. Project Mgmt. Enterprises, Inc.*, 190 F.Supp.2d 785, 792-93 (D.Md. 2002) (emphasis added) (quoting *Abt Associates v. JHPIEGO*, 104 F.Supp.2d 523, 535 (D.Md. 2000); *Paramount Brokers, Inc. v. Digital River, Inc.*, 126 F.Supp.2d 939, 946 (D.Md. 2000)).  Here, Plaintiff alleges that "Walmart Defendants rendered value to Retail Defendants, with the intention of receiving from Retail Defendant a benefit for the value rendered[.]"  (ECF No. 27 ¶¶ 112, 118).  Because Plaintiff fails to allege that *she* conferred a benefit on Defendants, Plaintiff fails to state a claim for unjust enrichment and quantum meruit.

Second, Walmart Defendants argue that "Plaintiff has not pled any facts whatsoever to support the notion that Walmart (or any other Defendant) intended for Plaintiff to benefit from any alleged contract for services[,]" as is required to support a breach of contract claim premised on a third-party beneficiary theory.  (ECF No. 20-1, at 3-4).  "An individual is a third-party beneficiary to

16

a contract if 'the contract was intended for his [or her] benefit' and 'it . . . clearly appear[s] that the parties intended to recognize him [or her] as the primary party in interest and as privy to the promise.'" *Dickerson v. Longoria*, 414 Md. 419, 452 (2010) (quoting *Shillman v. Hobstetter*, 249 Md. 678, 687 (1968)). An incidental beneficiary, however, "acquires by virtue of the promise no right against the promisor or the promisee." *Lovell Land, Inc. v. State Highway Admin.*, 408 Md. 242, 261 (2009) (citing *Mackubin v. Curtiss-Wright Corp.*, 190 Md. 52, 58 (1948)). The distinction between intended and incidental beneficiaries hinges on "the intention of the parties to recognize a person or class as a primary party in interest *as expressed in the language of the instrument and consideration of the surrounding circumstances as reflecting upon the parties' intention*[.]" *CR-RSC Tower I, LLC v. RSC Tower I, LLC*, 429 Md. 387, 458 (2012) (emphasis added) (citing *Ferguson v. Cramer*, 349 Md. 760, 767 (1998)); *see also Lovell Land*, 408 Md. at 262 n.6 (citing Restatement (Second) of Contracts § 302 (Am. L. Inst. 1981)).

   Here, Plaintiff has not asserted any facts about the alleged contract and its surrounding circumstances indicating that she was a "primary party in interest" or "privy to the promise" between Walmart Defendants and Retail Defendants. Plaintiff's conclusory allegation that "[the] agreement [between Walmart Defendants and Retail Defendants] was made [to provide safe shopping carts] for

17

the sole benefit of Plaintiff and other similarly situated patrons[]" is insufficient to state a claim for breach of contract. (ECF No. 27 ¶¶ 106, 108).  Therefore, Walmart Defendants' motion to dismiss will be granted with respect to Counts IX, X, and XI.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion to remand will be denied; Individual Defendants' motion to dismiss will be granted; and Walmart Defendants' motion to dismiss will be granted in part and denied as moot in part.  A separate order will follow.

                                                    /s/
                              DEBORAH K. CHASANOW
                              United States District Judge